IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EUGENIA SONG**, <br><br> Plaintiff, <br><br> v. <br><br> **CENTRAL INTELLIGENCE AGENCY**, <br><br> Defendants. | Case No. 3:24-cv-698-SB <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on May 10, 2024. Judge Beckerman recommended that this Court grant Plaintiff's application to proceed *in forma pauperis* but dismiss *sua sponte* Plaintiff's complaint without prejudice but without leave to refile because venue is improper in the District of Oregon.

      Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff filed an objection to the Findings and Recommendation. Plaintiff asserts that in Case No. 3:23-cv-573-JR, "jurisdictional authority was granted in Oregon." In that case, however, U.S. Magistrate Judge Jolia A. Russo recommended dismissing Plaintiff's case in part based on lack of venue (ECF 23), which U.S. District Court Adrienne Nelson adopted (ECF 26).[1]

Plaintiff also objects, arguing that venue is appropriate because she has had an Oregon telephone number for nearly 20 years. The general venue statutes applicable when the United States or its agencies is a defendant, however, rely in relevant part on where a plaintiff's *resides*, not a plaintiff's telephone number. *See* 28 U.S.C. §§ 1391(e)(1) (agency of the United States); 1402 (United States). The Freedom of Information Act's (FOIA) relevant jurisdictional requirement also is based on a plaintiff's residence. *See* 5 U.S.C. § 552(a)(4)(B). This makes sense, particularly for persons without a telephone or with mobile telephones that commonly move locations with a person. Thus, Plaintiff's Oregon telephone number is irrelevant generally to venue or specifically to this Court's authority under FOIA to adjudicate Plaintiff's claim. The Court rejects Plaintiff's objections and concludes that under FOIA's jurisdictional requirements, the District of Oregon is not the appropriate federal court in which Plaintiff may file her complaint. The Court therefore adopts the Findings and Recommendation.

---

[1] The Court notes that Judge Russo relied on the general venue provision, 28 U.S.C. § 1391(b), which focuses on where a defendant resides or the location of the events giving rise to a claim. The section applicable to an agency of the United States is 28 U.S.C. § 1391(e), which includes the same requirements but adds the location of the plaintiff's residence as another basis for venue. The Court also notes the venue statute for when the U.S. government is a defendant is 28 U.S.C. § 1402, which also focuses on the plaintiff's residence as the basis for venue. Judge Beckerman, however, relied on FOIA's specific jurisdictional requirements. *See* ECF 6 at 13-14 (citing 5 U.S.C. § 552(a)(4)(B)).

The Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 6. The Court GRANTS Plaintiff's Application to Proceed *in forma pauperis*, ECF 3. The Court, however, *sua sponte* DISMISSES Plaintiff's complaint, ECF 1, without prejudice, but without leave to refile in this Court, because this Court lacks authority under FOIA to adjudicate Plaintiff's claim. The Court further finds that any appeal from this Order would be frivolous and thus would not be taken in "good faith" as that term is used in 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Plaintiff's *in forma pauperis* status should be revoked.

**IT IS SO ORDERED.**

DATED this 17th day of May, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER